IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| ANTONIO CORTEZ GONZALES | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:16cv18 |
| | | (Crim. No. 6:13cr82-1). |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Antonio Gonzales, proceeding *pro se*, filed this motion to vacate or correct sentence under 28 U.S.C. §2255 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

The facts, in brief, show that Gonzales was part of a larger drug conspiracy. Law enforcement officers followed a red Mazda belonging to another member of the conspiracy from Henderson, Texas to a house on Mobberly Drive in Longview. After the red Mazda left the house, agents conducting surveillance saw a black Chevrolet registered to Monica Hensley, Gonzales' common-law wife, leave the house on Mobberly Drive. This house also belonged to Hensley. The black Chevrolet made a stop at another house in Longview and then at a house in Hallsville. The car then went to the house which Gonzales and Hensley shared in Longview, where the agents stopped it in the driveway. Hensley was driving and Gonzales was the passenger. Both possessed large sums of money.

Hensley stated that the money came from rental properties which she and Gonzales owned, but she could not produce any identification, even after her purse was searched. Hensley then gave

verbal consent for agents to escort her into the house to get her license from the master bedroom. Once in the bedroom, the agents asked if there were any guns in the room. Hensley told them that there was a revolver in a dresser drawer and gave the agents permission to search it. They found a .357 revolver, 29.4 grams of marijuana, and $991 in cash in the drawer. The agents then asked for and received written consent to search the entire house, finding 74.5 grams of marijuana in a shoebox in the master bedroom and another 20.7 grams of marijuana hidden under a desk in the bedroom of the couple's 14 year old daughter.

The search of a storage room in the garage turned up drug paraphernalia, firearms, and zip lock bags and bundles of packaging tape containing cocaine and marijuana. A search of the house on Mobberly Drive yielded another firearm and kilogram-size wrappings containing cocaine residue.

Gonzales pleaded guilty to one count of conspiracy to distribute and possession with intent to distribute methamphetamine, cocaine, and marijuana. A pre-sentence report determined that he had a base offense level of 30. Gonzales was in possession of a weapon when his residence was searched, increasing his base offense level by two points, and he received a three-point reduction for acceptance of responsibility, giving him a final base offense level of 29. He had a criminal history of IV, giving him a recommended sentence of 121 to 151 months. Pursuant to the plea agreement, Gonzales received a sentence of 136 months on March 4, 2015. He did not take a direct appeal, but signed his motion to vacate or correct sentence on January 10, 2016.

## II. The Motion to Vacate or Correct Sentence and the Reply

In his motion to vacate or correct sentence, Gonzales contends that he received ineffective assistance of counsel in that his attorney, Dan Hurst: (1) failed to research the applicable law regarding the addition to his criminal history score for being on parole when he committed the present offense; (2) failed to discuss or file a motion to suppress evidence; and (3) failed to advise Gonzales or research any Fourth Amendment issues regarding to the consent to search Gonzales' residence given by his common-law wife Monica Hensley.

The Government filed a response arguing that Gonzales's claims of ineffective assistance of counsel lacked merit. Gonzales filed a reply to the response.

**III. The Report of the Magistrate Judge and the Movant's Objections**

In the Report, the Magistrate Judge stated that although Gonzales claimed he was no longer on parole at the time of the commission of the present offense, this claim was incorrect. Gonzales had been released on mandatory parole supervision on November 7, 2002, and deported that same day, but he promptly returned to the United States unlawfully, as shown by the fact that he committed offenses in Nevada in April and May of 2003. Revocation warrants were issued on November 19, 2003, and these warrants were executed on August 19, 2013, when Gonzales was arrested. Counsel raised an objection to the pre-sentence investigation report on this very issue, but it was overruled. The Magistrate Judge determined that Gonzales failed to show ineffective assistance of counsel. *See United States v. Crain*, 877 F.3d 637, 646 (5th Cir. 2017) (to prevail on a claim of ineffective assistance of counsel, a §2255 movant must show that (1) his attorney's actions fell below an objective standard of reasonableness and (2) the ineffective assistance prejudiced him, meaning that but for counsel's deficient performance, the result of the proceeding would probably have been different).

In his objections, Gonzales insists that he was no longer on parole at the time of the commission of the present offense. He argues that he received a four-year sentence from the State of Texas in 2002 and that he had to complete three years and four months of this sentence because he claims the State of Texas awards two months of automatic good time per year. Based on this assertion, Gonzales calculates that his sentence expired in October of 2003, meaning he was not on parole when the present offense was committed.

Gonzales received a four-year sentence from the 7th Judicial District Court in Smith County, Texas, on March 25, 2002, for possession of a controlled substance. He was released on mandatory supervision on November 7, 2002. On November 19, 2003, Gonzales was declared to be an absconder and a revocation warrant was issued. Once this warrant issued, all of the time from the

3

date of the issuance of the warrant until the date of arrest is not counted as part of his sentence. Tex. Gov. Code art. 508.253. Because Gonzales was still on parole at the time the warrant issued and the present offense occurred prior to his arrest on the revocation warrant, he was necessarily on parole at the time he committed the present offense. His objection on this point is without merit.

Next, Gonzales asserts that the initial stop was unlawful because the agents had "no more than a hunch" that he and Hensley were engaged in illegal activity. Specifically, he claims that the only information possessed by authorities was that the Mazda under surveillance had briefly stopped at the house on Mobberly Drive and then left. He asserts that there was no report of any objects which might be consistent with drug activity such as duffel bags or garbage bags being hauled into or out of the house. Gonzales further maintains that neither he nor Hensley were mentioned in any investigation and that agents only learned who Hensley was when they ran a check of her license plates.

The facts of the case show that on August 6, 2013, a federal magistrate judge in the Southern District of Texas authorized an electronic tracking device on the red Mazda. Two weeks later, on August 19, 2013, the Drug Enforcement Administration received information that the Mazda appeared to be going to Longview from Houston. The DEA picked up surveillance on the Mazda as it entered the town of Henderson and followed it to the house on Mobberly Drive in Longview. The Mazda left the house at 4:40 p.m. Some three hours later, it was stopped in Humble, Texas. After a positive alert following a "free air sniff" by a K-9 officer, a search of the car turned up almost $150,000.00 in cash in a hidden compartment.

Less than an hour after the Mazda departed from the house on Mobberly Drive, Hensley and Gonzales left that same house in their car. They stopped at another house in Longview and a house in Hallsville before returning home. The agents approached the car and found that Hensley, the driver, was unable to provide identification.

As the Magistrate Judge correctly determined, law enforcement officers may stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion, supported by

4

articulable facts, that the person has engaged or is about to engage in criminal activity. *Turner v. Lieutenant Driver*, 848 F.3d 678, 690 (5th Cir. 2017). The court may consider the cumulative knowledge of the officers working on the case, not merely the officer making the stop, if there has been some degree of communication between them. *United States v. Michel*, 588 F.2d 986, 998 (5th Cir. 1979); *United States v. Wells*, 68 F.3d 469, 1995 WL 581849 (5th Cir. 1995).

The Magistrate Judge properly concluded that the agents had reasonable suspicion to make the initial stop. The agents had collective knowledge of potential drug trafficking at the house on Mobberly Drive and saw Gonzales and Hensley depart from that house not long after a car believed to be part of a drug conspiracy, as shown by the issuance of the tracking warrant.

As part of this stop, the agents acted lawfully in asking Hensley, the driver of the car, to produce her driver's license. *See U.S. v. Jenson*, 462 F.3d 399, 404 (5th Cir. 2006). When she was unable to do so, she was amenable to arrest. *See, e.g.*, *Kothe v. State*, 152 S.W.3d 54, 63 (Tex.Crim.App. 2004). The Magistrate Judge correctly determined that Gonzales failed to show ineffective assistance of counsel through counsel's failure to raise a Fourth Amendment challenge to the stop. Gonzales' objection on this point is without merit.

Although Gonzales complains that the agents' actions and the lengthy detention went beyond the scope of the initial stop, this objection likewise lacks merit. The officers properly asked Hensley for her driver's license but she was unable to provide it. This subjected her to arrest, which provided law enforcement with reasonable suspicion to extend the stop. *Jenson*, 462 F.3d at 405.

Hensley consented to a search of her purse, which proved fruitless. She then consented to allow the agents to enter the house with her to retrieve her license from the bedroom. Once in the bedroom, the agents reasonably asked if there was a firearm in the room. Hensley then consented to a search of the dresser and, subsequently, to the house. Gonzales has not shown that any motion to suppress based upon these facts would have had any merit, and counsel is not ineffective for failing to raise meritless motions. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (failure to file meritless motion to suppress is not ineffective assistance of counsel).

5

Gonzales goes on to argue that the stop "morphed into a de facto arrest" because he and Hensley were "swarmed by several agents and held at gunpoint." He complains that Hensley's purse and car were illegally searched, and that agents went into the house with her and "began an illegal search under the guise that they had permission."

The court records show that Hensley consented to the search of her handbag and the searches of the houses. There is no record that the car was searched or that anything was discovered in any such search. Gonzales offers nothing to show that Hensley's consent to the searches was invalid or otherwise improper, and his conclusory assertion that the searches were "illegal" does not set out any cognizable basis for relief. *United States v. Stracener*, 959 F.2d 31, 33 (5th Cir. 1992, *reh. den.*) (mere conclusory allegations on a critical issue are insufficient to support Section 2255 relief). As the Magistrate Judge explained, the fact that the agents drew their guns when approaching the car was neither unreasonable nor unlawful. *United States v. Abdo*, 733 F.3d 562, 565 (5th Cir. 2013); *United States v. Martinez*, 808 F.2d 1050, 1057 (5th Cir. 1987). Nor does the fact that the agents drew their guns transform the stop into an arrest. *Abdo*, 733 F.3d at 565. This objection is without merit.

Finally, Gonzales reiterates his contentions that he and Hensley were stopped, searched, and arrested without reasonable suspicion or probable cause and all of the fruits flowing from these actions should have been suppressed. He also asks for resentencing and for an evidentiary hearing.

Gonzales has not shown any illegality in the stop, the searches, or the arrest. Consequently, he has not established that he received ineffective assistance of counsel in this regard. His claim for resentencing is predicated on his contention that he was not on parole at the time of the commission of the present offense, which is not accurate. Nor has Gonzales shown that he is entitled to an evidentiary hearing, inasmuch as the motion, files, and records of the case conclusively show that he is entitled to no relief. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992); 28 U.S.C. §2255(b). His objections are without merit.

**IV. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Movant objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Movant's objections are without merit. It is accordingly

**ORDERED** that the Movant's objections are overruled and the Report of the Magistrate Judge (docket no. 13) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled motion to vacate or correct sentence is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Movant Antonio Gonzales is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED.**

So Ordered and Signed
Nov 14, 2018

_____
Ron Clark, Senior District Judge